Garcia v CityMeals-On-Wheels Prop., LLC (2026 NY Slip Op 00310)

Garcia v CityMeals-On-Wheels Prop., LLC

2026 NY Slip Op 00310

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 160938/16|Appeal No. 5635|Case No. 2024-03967|

[*1]Marlon Garcia, Plaintiff-Respondent,
vCityMeals-On-Wheels Property, LLC, et al., Defendants-Appellants.
CityMeals-On-Wheels Property, LLC, et al., Third-Party Plaintiffs-Appellants,
vIncinia Contracting, Inc., Third-Party Defendant-Respondent.

Leary Bride Mergner & Bongiovanni, P.A., New York (Matthew E. Kennedy of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kenneth J. Gorman of counsel), for Marlon Garcia, respondent.
Stevens & Lee P.C., New York (Edward C. Wipper and Brandon S. McTigue of counsel), for Incinia Contracting, Inc., respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 28, 2024, which, to the extent appealed from, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, denied defendants' motion for summary judgment dismissing the § 240 claim and on their third-party claim against third-party defendant Incinia Contracting, Inc. for breach of contract, and granted Incinia's cross-motion for summary judgment dismissing the third-party claim, unanimously modified, on the law, to deny Incinia's cross-motion, and otherwise affirmed, without costs.
Plaintiff was performing asbestos remediation work on the rooftop of a warehouse owned by defendant CityMeals-On-Wheels Property, LLC, standing with his back to a polyurethane sheeting barrier that was erected along a parapet wall at the roof's perimeter. As plaintiff stood about 3½ meters away, a strong gust of wind toppled the sheeting barrier, causing its components, including a 50-pound metal paraclamp and vertical wooden support pieces, to strike the back of plaintiff's head and neck, rendering him unconscious. On his motion, plaintiff submitted deposition testimony from a coworker, who identified a photo of a paraclamp found near plaintiff after the accident, testifying that he had earlier declined to use that paraclamp to affix the sheeting barrier's framing supports to the roof's parapet walls because it was bent and could not be adequately secured to the wall.
Plaintiff established prima facie entitlement to summary judgment on liability on his Labor Law § 240 claim, as the sheeting barrier presented a gravity-related hazard. The evidence submitted on plaintiff's motion showed that not only did the barrier materials fall on plaintiff from a height of more than nine feet above the roof's surface, but that the strong wind enhanced the gravitational force with which the objects struck the back of plaintiff's head and neck. Labor Law § 240 required the use of adequate safety devices to secure the sheeting barrier in place to protect plaintiff against the foreseeable risk that windy conditions could cause the barrier to fall while the asbestos remediation work was underway (see Brito v New York, 238 AD3d 508, 509 [1st Dept 2025]; Uvidia v Cardinal Spellman High Sch., 167 AD3d 421, 422 [1st Dept 2018]).
In opposition to plaintiff's prima facie showing, defendants failed to raise a triable issue of fact. Defendants' expert engineer opined that the paraclamp was not a safety device contemplated by the statute, as it was not intended to protect against a gravity-related risk. This opinion, however, fails to acknowledge that the sheeting barrier and its components constituted a load that required securing in the area of the work zone, particularly considering the effects of strong winds on the roof. Defendants also argue that plaintiff was struck by a lateral force that did not involve gravity because the paraclamp, which was one of the objects that struck plaintiff's head and neck, was affixed to the two-foot parapet wall and reached no higher than four feet from the roof's surface. We reject this argument, as it fails to take into account the other objects involved in assembling the sheeting barrier, all of which struck the plaintiff from above.
We modify to deny the cross-motion by third-party defendant Incinia, the subcontractor that employed plaintiff, for summary judgment dismissing the third-party complaint by defendants/third-party plaintiffs CityMeals and Hollister Construction Services, Inc. (the construction manager) for breach of Incinia's contractual obligation to procure additional insured coverage for CityMeals and Hollister. In brief, it is undisputed that Incinia's commercial general liability (CGL) carrier, nonparty Evanston Insurance Company, has rejected CityMeals' and Hollister's tender of their defense in this action. Indeed, Incinia has commenced a separate action against Evanston, seeking a declaration that CityMeals and Hollister are covered as additional insureds under Incinia's policy with Evanston. Until the declaratory judgment action against Evanston (now pending in federal court) is resolved, it cannot be determined whether Incinia fulfilled its contractual obligation to procure coverage for CityMeals and Hollister. As a nonparty to the present action, Evanston will not be bound by any coverage determination made herein. However, once the federal declaratory judgment action is resolved, it will be known whether Incinia procured coverage as required by its subcontract. Under these circumstances, the grant of summary judgment dismissing the third-party complaint against Incinia was premature.
While the foregoing suffices to require denial of Incinia's summary judgment motion, we note that certain of Incinia's arguments lack merit. Incinia argues that the endorsement to its Evanston CGL policy excluding from coverage liability for bodily injury to an employee "of the Named Insured [i.e., Incinia] arising out of and in the course of . . . [e]mployment by the Named Insured" does not bar coverage of CityMeals and Hollister because the endorsement further provides that "[t]his exclusion does not apply to liability assumed by the Insured under an 'insured contract.'" However, the policy's CGL coverage form defines the term "insured contract," in relevant part, as an agreement "under which [Incinia] assume[s] the tort liability of another party to pay for 'bodily injury' . . . to a third person or organization." Thus, while the bodily injury exclusion does not apply to Incinia's contractual obligation to indemnify CityMeals and Hollister in this action, the exclusion still potentially bars coverage for direct liability to an injured employee of Incinia, which is not liability "under an 'insured contract.'" As to the additional insured endorsement requiring that Incinia's obligation to provide additional insured coverage be set forth in "[a] written contract . . . signed by both parties and executed prior to the commencement of operations" (the signing requirement), it cannot be determined on this record whether the placement of such a condition on additional insured status complied with Incinia's insurance procurement obligations under its subcontract. The subcontract requires that CityMeals and Hollister be included as CGL additional insureds using specified additional insured endorsement forms "or an endorsement providing equivalent coverage to the additional insureds."[FN1] The present record does not reveal whether the additional insured endorsement form used in the Evanston policy provided coverage "equivalent" to the coverage that would have been provided by the forms specified in the subcontract. We note that Evanston, in its November 2017 letter disclaiming additional insured coverage of CityMeals, relied on the signing requirement, pointing out that CityMeals had not signed any contract with Incinia.[FN2]
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026

Footnotes

Footnote 1: The subcontract provides: "Construction Manager, Owner and all other parties required of the Construction Manager, shall be included as insureds on the CGL, using ISO Additional Insured Endorsement CG 20 10 (11 85) or CG 20 10 (10 93) AND CF 20 37 (10 01) or CG 20 33 (10 01) AND CF 20 37 (10 01) or an endorsement providing equivalent coverage to the additional insureds" (emphasis added). The Evanston policy additional insured endorsement containing the signing requirement is set forth on a different form (MEGL 1542 05 16).

Footnote 2: The record establishes, however, that the subcontract was signed by both Hollister and Incinia.